LUKE DISHMAN, ET AL., *v.* BENJAMIN MILLS'S G'D'N, ET AL.

**Parent and Child—Support of Child.**

It is the legal duty of a widow to provide for and maintain her infant child, and having done so she cannot be allowed to take the estate of such child to repay her for such support.

**Stepfather:**

A stepfather is under no legal obligation to maintain his stepchild, and if he does so out of his own means he may be reimbursed out of the stepchild's income, but not out of the principal of said estate.

APPEAL FROM MARION CIRCUIT COURT.

April 5, 1876.

OPINION BY JUDGE PETERS:

At the time of the death of the father of Benjamin Mills he had no estate whatever, according to the averments of the petition; he was then not three years old, and was with his mother. It was the duty of the mother after the death of his father to provide for and maintain her own offspring as well as she was able to do, and having done so, she cannot be permitted to take the whole or any part of the principal of the estate of her son, which may have come to him afterwards, to remunerate her for performing that which was her natural duty to perform, and what it may be assumed it was her pleasure to do. 1 Blackstone's Com. 448.

It is conceded that after the infant's mother married Dishman, he was under no legal obligation to support him, and if the step-father out of his own means supported and contributed to the education of the infant, Benjamin Mills, he would be entitled to remuneration out of the annual income or profits of the infant's estate; but he would not be allowed in his expenditures to exceed the income.

As the mother was not entitled to any compensation for what she did and contributed prior to her marriage, she was improperly joined as plaintiff; and if the step-father has a just claim for the maintenance and education of appellee, Benjamin, he can assert it in an ac-

tion in his own name, and the judgment in this case will be no bar to his doing so. The judgment is, therefore, *affirmed*.

*Belden & Shuck, for appellants. Harrison & Knott, for appellees.*